IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ERICSSON INC., and<br>TELEFONAKTIEBOLAGET LM ERICSSON,<br><br>    Plaintiffs,<br><br>  v.<br><br>TCL COMMUNICATIONS TECHNOLOGY HOLDINGS LTD.,<br>TCT MOBILE LIMITED, and<br>TCT MOBILE (US), INC.,<br><br>    Defendants. | Case No. 2:14-cv-667-JRG-RSP |

**DECLARATION OF MATTHEW W. HOLDER IN SUPPORT OF
DEFENDANTS' MOTION TO TRANSFER THIS CASE TO
THE UNITED STATES DISTRICT COURT FOR
<u>THE CENTRAL DISTRICT OF CALIFORNIA</u>**

I, Matthew W. Holder, declare as follows:

1. I am an attorney at law duly licensed and admitted to practice in the State of California, and I have been admitted to appear in this action *pro hac vice*. I am a partner at the law firm of Sheppard Mullin Richter & Hampton, LLP ("Sheppard Mullin"), attorneys of record for defendants TCL Communications Technology Holdings, Ltd., TCT Mobile Limited, and TCT Mobile (US), Inc. (collectively, "TCL" or "Defendants") in this action. I am also counsel of record for TCL in the matter of *TCL Communication Technology Holdings, Ltd. v. Telefonaktiebolaget LM, Ericsson and Ericsson, Inc.*, Case 8:14-cv-00341-JVS-AN, which is pending in the Central District of California, Santa Ana Division, before the Honorable Judge James V. Selna (referred to herein as the "California action" and the "California Court," respectively). I respectfully submit this declaration in support of Defendants' motion to transfer this case to the Central District of California based on the "first-to-file" rule. Except where indicated, I have personal knowledge of the facts stated in this declaration, and if called as a witness I could and would testify thereto.

2. Based on my research of publicly available sources of information, including Ericsson's website and other resources on the internet, I am informed and believe that Ericsson has operations in cities throughout California, including Newport Beach and Santa Ana (both located in the Central District of California), and has also posted numerous job openings in California cities. A true and correct copy of a report from Hoovers showing the addresses of Ericsson's business locations is attached hereto as **Exhibit 1**, and a true and correct copy of a page from Ericsson's website displaying 25 of 185 job openings in California, as of August 7, 2014, is attached hereto as **Exhibit 2**. In addition, Ericsson recently announced construction of a new campus in Santa Clara that "includes more than 400,000 square feet of operational space" to build on its "growing investments in Silicon Valley," and to bring together "approximately 2,000

Ericsson staff dedicated to research and development in IP, TV and Media, SDN, NFV and mobile innovation." A true and correct copy of Ericsson's May 28, 2014 press release to this effect is attached hereto as **Exhibit 3**.

3. In 2007, a subsidiary of TCL signed a patent license agreement for certain of Ericsson's alleged SEPs. That license expired on or about March 7, 2014. The anticipated expiration of that license is why TCL filed its lawsuit against Ericsson in California on March 5, 2014 (*i.e.*, two days before the license expired).

4. The California action is ongoing. For example, beginning in May 2014, and continuing through the present, counsel for the parties have had several meet and confer discussions under Federal Rule of Civil Procedure 26(f). On May 29, 2014, Sheppard Mullin sent a draft Rule 26(f) report for the California action to counsel for Ericsson. Also, on August 7, 2014, Sheppard Mullin sent a draft stipulated protective order to counsel for Ericsson. In addition, on June 6, 2014, TCL served interrogatories and document requests on Ericsson in the California action. On August 5, 2014, Ericsson responded by promising to provide the requested information and documents once a protective order is finalized.

5. On July 31, 2014, counsel for Ericsson forwarded to counsel for TCL a letter sent by John Han, Ericsson's Vice President of Licensing, to Harry Au at TCL. A true and correct copy of this letter is attached hereto as **Exhibit 4**. In this letter, Ericsson confirms that it "remains willing to have the California Court determine the terms and conditions of a FRAND license between our companies."

6. Attached hereto as **Exhibit 5** is a true and correct copy of a printout from a search performed on PACER on August 7, 2014. The search was for the name "Ericsson, Inc.," as a party in any cases pending within the Ninth Circuit. Through this search, we identified 11 cases in the Northern District of California, 12 cases in the Central District of

California, one case in the Eastern District of California, and six cases in the Southern District of California.  In all of these cases, Ericsson, Inc. is or was a party.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I executed this declaration on August 15, 2014, at San Diego, California.

/s/ *Matthew W. Holder*  
MATTHEW W. HOLDER